FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 1 5 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XL Specialty Insurance Company, | CV-03-01266-PHX-JAT |
| Plaintiff(s), | **RULE 16 SCHEDULING ORDER** |
| v. | |
| William Gibney, | |
| Defendant(s). | |

On December 15, 2003, a Scheduling Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a joint Rule 26(f) Proposed Case Management Plan. Pursuant to the terms of the Plan and the representations made by the parties at the Scheduling Conference, all parties were ordered to comply with the deadlines established in this Order.

**IT IS THEREFORE ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case.

**IT IS FURTHER ORDERED** that all Initial Disclosures as defined in Federal Rule of Civil Procedure 26(a), if not already exchanged prior to the time of the Scheduling Conference, shall be made **by January 9, 2004.**

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u> rather than copies of the actual disclosures.

**IT IS FURTHER ORDERED** that any motion to amend the Complaint shall be filed no later than March 5, 2004. If no amended complaint is filed, any motion to amend the Answer shall be filed no later than April 9, 2004.

**IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than May 7, 2004.[1] The Defendant(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 no later than June 11, 2004. Rebuttal expert disclosure, if any, shall be made no later than July 9, 2004. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

**IT IS FURTHER ORDERED** that the disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.

**IT IS FURTHER ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by August 13, 2004. In no event, however, shall this provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will conduct discovery in an expeditious manner so as to **complete, within the deadline, any and all discovery**.[2]

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

[2] As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will **not** entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall **complete** all discovery by the deadline set forth in this Order (**complete** being defined as including the time to propound discovery,

**IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules 30 and 31 of the Federal Rules of Civil Procedure and as provided by the presumptive discovery rules established in Rule 2.12, Rules of Practice for the United States District Court for the District of Arizona ("Local Rules"), unless the parties otherwise stipulate in writing when permitted to do so pursuant to the Rules or when granted permission to depart from the provisions of the Rules by Order of this Court. To the extent that the Federal Rules of Civil Procedure differ from Local Rule 2.12, the provisions of the Local Rules shall govern.

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall **not** be permitted to attend, either physically, electronically, or otherwise, the deposition of any other witness in this case without an Order of this Court to the contrary.

**IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be governed by Federal Rule of Civil Procedure 33. However, notwithstanding Local Rule 2.12 or Federal Rule of Civil Procedure 33, there is a limit of __25__ interrogatories, including discrete sub-parts, applicable to this case.

**IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial Disclosures to be contained in the **joint** Proposed Final Pretrial Order, this Order contemplates that all exhibits and witnesses that may be offered at trial will have been

---

the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

disclosed before the close of discovery as established by the provisions of this Order. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited to witnesses and exhibits, (2) failure to have timely supplemented responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions.

**IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties shall jointly contact the Court via conference call to request a telephonic conference prior to filing any written discovery motions**. The parties shall **not** contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves after personal consultation and sincere efforts to do so. The parties shall **not** file any written materials related to a discovery dispute without express leave of Court. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Local Rule 1.10(j).

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than  September 17, 2004 . Such motions must be, in all respects, in full compliance with the Local Rules.

**IT IS FURTHER ORDERED** that each party shall file **no more than one motion for summary judgment** unless leave of Court is obtained. To obtain leave of Court, a party shall file a motion setting forth the reasons justifying the filing of more than one summary judgment motion and/or the reasons the party seeks leave to exceed the page limits set forth in Local Rule 1.10(e).

**IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that failure to respond to a motion by serving and filing an answering memorandum within the

time period expressly provided for in Local Rules 1.10(c), (l)(2) and/or (m) may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule 1.10(i).

**IT IS FURTHER ORDERED** that, notwithstanding Local Rule 1.10(f)(1), the parties shall not notice oral argument on any motion. Instead, a party desiring oral argument on a motion shall request argument by placing **"Oral Argument Requested"** immediately below the title of such motion, pursuant to Local Rule 1.10(f)(2). The Court will then issue a minute entry order scheduling the oral argument if it deems one necessary.

Oral argument shall be scheduled at the request of a party on all motions to dismiss and motions for summary judgment. On all other motions on which a party requests oral argument as set forth above, the Court will determine whether oral argument is necessary. The parties are reminded that obtaining oral argument is purely administrative. Accordingly, regardless of a scheduled oral argument, the Court may, at any time, determine that oral argument is unwarranted and rule on the motion without oral argument.

**IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for extensions of time shall be made in accordance with the provisions of Local Rule 1.10(n). Notwithstanding this directive, however, if such motion, request, or stipulation seeks an extension of time in which to file a memorandum in response or in reply to a motion previously noticed for oral argument, under no circumstances shall such motion, request, or stipulation seek an extension that would preclude the Court from having at least **thirty (30) days** from the due date for the filing of the reply memorandum to consider the merits of the underlying motion unless the motion, request, or stipulation also seeks to vacate and reschedule the oral argument. Any motion, request, or stipulation that seeks both an extension of time and the rescheduling of oral argument shall contain a memorandum of points and authorities that demonstrates good cause for the Court to grant the requested extension. The deadlines set forth in this Order are the deadlines by which a party must file documents with the Court, in addition to serving opposing counsel, notwithstanding Federal Rule of Civil Procedure 5(d).

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motion deadline has passed, **Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the dispositive motion deadline**.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, **Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the resolution of the last dispositive motion**.

**IT IS FURTHER ORDERED** that the Order Setting Final Pretrial Conference will: (1) set deadlines for the filing of and response to motions in limine; (2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and (3) include a form for the completion of the parties' **joint** Proposed Final Pretrial Order.

**IT IS FURTHER ORDERED** that because the deadlines set forth herein will trigger setting a trial date, the Court deems these deadlines to be the equivalent of a firm trial date.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and, should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that the Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

DATED this 15th day of December, 2003.

_____
James A. Teilborg
United States District Judge