IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XL Specialty Insurance Company, | No. CV-03-1266-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| William Gibney; Gibney & Associates, P.L.C.; and Charles Posnanski, | |
| Defendant. | |

Pending before the Court are Defendant William Gibney and Gibney & Associates, PLC's ("Gibney") Motion to Stay Discovery (Doc. #34-1) or, alternatively, to Extend Deadlines (Doc. #34-2) Pending Ruling on the Gibney Defendant's Motion to Dismiss (Docs. 17-1 and 17-2) and Gibney's Motion to Accelerate Ruling (Doc. #35). The Court will rule on Gibney's Motion to Dismiss and deny all other motions as moot.

Gibney has moved to dismiss, or in the alternative stay this case, pending the resolution of a related case that is pending before the Court of Appeals. The related case involves a suit brought by Posnanski against Gibney, which XL Specialty (Gibney's insurance company) is defending on Gibney's behalf. That case (CV 02-2010-PHX-JWS) was dismissed by the district court on statute of limitations grounds. This case is a declaratory judgment action brought by XL Specialty against Gibney and Posnanski seeking to have this Court find that Gibney is not entitle to coverage under the insurance policy.



1  Gibney seeks to stay this action on the theory that the lawsuits are identical. The
2  Court disagrees. The issue in the related case is whether Gibney is liable to Posnanski. The
3  issue in this case is whether XL Speciality is required to provide coverage to Gibney on the
4  Posnanski claim. More specifically, the issue in the related case is when did *Posnanski* know
5  he had a potential claim against Gibney. The issue in this case is when did the *Gibney*
6  defendants know Posnanski has a potential claim against them (thereby requiring Gibney to
7  disclose the potential claim to XL Specialty). Therefore, the Court is not persuaded that this
8  case and the related case involve identical issues.

9  Additionally, the resolution of the related case will not render this case moot. XL
10 Speciality continues to incur fees to defend the related case. Moreover, even if XL
11 Speciality/Gibney prevail in the related case, because XL Speciality defended under a
12 reservation of rights, there will still be issues of reimbursement.[1] Thus, the Court finds that
13 regardless of the outcome of the related case, this case will still be an active case or
14 controversy.

15 Finally, the Gibney defendants' argument that they cannot defend this case and appeal
16 the related case simultaneously is unpersuasive. Basically, they argue that they may have to
17 take positions in this case or answer questions in this case that would be used against them
18 in the related case. Regardless of when, or in what forum, the Gibney defendants must
19 respond to discovery, their answers could be binding as a judicial admission.[2] Therefore, the

---

[1] Further, there may be additional issues on the scope of the reservation of rights alluded to in Gibney's Motion to Dismiss on page 2.

[2] The Court may consider three factors in determining whether a party will be limited in the positions it can take by the doctrine of judicial estoppel: 1) whether a party's earlier position in clearly inconsistent with its later position; 2) whether the party has persuaded a court to accept that party's earlier position (such that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first court or the second court was misled); and 3) whether the party seeking to assert an inconsistent position would receive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).

1  Court will not stay this case or discovery in this case while waiting for a determination from
2  the Court of Appeals on the related case.
3      Accordingly,
4      **IT IS ORDERED** that Gibney's Motion to Dismiss (Doc. #17-1) and Motion to Stay
5  Action (Doc. #17-2) are denied;
6      **IT IS FURTHER ORDERED** that Gibney's Motion to Stay Discovery (Doc. #34-1),
7  Motion to Extend Discovery Deadlines (Doc. #34-2) and Motion to Accelerate Ruling (Doc.
8  #35) are all denied as moot;
9      **IT IS FURTHER ORDERED** that any pending discovery requests that are currently
10 due or past due shall be responded to within 10 business days of this Order;[3]
11     **IT IS FURTHER ORDERED** confirming the discovery deadline of August 13,
12 2004, and the dispositive motion deadline of September 17, 2004.
13     DATED this 26 day of May, 2004.

_____
James A. Teilborg
United States District Judge

---

[3] Nothing in this Order shall be construed as ruling on any evidentiary objections (that are timely made) to the outstanding discovery requests.

- 3 -